THOMAS CHANCE v. ANDREW H. TEEPLE et al.

Priority of registry will not avail against actual previous notice of an unregistered mortgage.

One witness, with corroborating circumstances, is sufficient to overcome the defendant's answer.

Where the master has reported the amount due upon several mortgages, and also their order of priority, and upon exceptions taken to the report the order of priority is changed, a final decree may be taken at once, without a reference back to the master.

HEARING on exceptions to master's report.

*Wilson* and *Dayton*, for complainant.

*Vredenburg*, for defendants.

THE CHANCELLOR. The complainant holds a second mortgage upon the premises, and Grant, one of the defendants, a third mortgage. The question is between the second and third mortgages. The complainant's mortgage, though prior in date, is recorded after Grant's mortgage.

The only question is, whether the defendant, Grant, at the time of taking his mortgage, had actual notice of the complainant's mortgage: if he had, he is bound by it, and the prior registry of his mortgage cannot avail him. The master thought the evidence insufficient to prove notice. I am of opinion that the evidence is sufficient to prove notice, and that Chance's mortgage is entitled to priority.

The answer of Grant denies notice; but he denies other matters, in which he is shown to be mistaken. There is the direct evidence of one witness, a colored man, who proves that Grant called on Chance, prior to the date of Grant's mortgage, and told him not to press Teeple, for he, Grant, would take the place next spring.

Sheriff Neafie also proves, that the wife of Grant, who acted as agent for her husband, told the witness that she had know-

15*

[Chance v. Teeple et al.]

ledge of Chance's mortgage. Grant, the mortgagee, is also the step-father-in-law, of the mortgagor. The families lived together in the same house. This leads to a strong presumption of notice.

There is another fact that has made an impression on my mind. There are two payments on Chance's mortgage, which money came from Grant. His wife made the payments.

The master has probably felt himself bound by the principle, that two witnesses are necessary to overcome the answer of the defendant. This is not universally true; one witness and corroborating circumstances are sufficient.

The exception to the master's report is well taken, and must be allowed. There is no need of a reference back to the master. The complainant may at once take his final decree.

Decree accordingly.